IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KABBE ENTERPRISES, INC., PAYLESS<br>DISCOUNT MUFFLER & BRAKES, INC.,<br>PAYLESS AUTO BODY SHOP &<br>COMPLETE AUTO REPAIR, INC.,<br>ZANASA, INC., and MEHMET GUZELDERE,<br><br>      Plaintiffs,<br><br>v.<br><br>THE TRAVELERS INDEMNITY COMPANY<br>and ROOFING CONSULTANTS LIMITED,<br><br>      Defendants. | 16 C 579<br><br>Judge John Z. Lee |

## MEMORANDUM OPINION AND ORDER

In this diversity case, Plaintiffs have sued their insurer, The Travelers Indemnity Company ("Travelers"), a Connecticut corporation, for breach of an insurance contract under Illinois law. They have also brought a negligence claim against Roofing Consultants Limited ("RCL"), a Wisconsin company hired by Travelers to inspect Plaintiffs' roof for hail damage. Defendants have each moved for summary judgment. For the following reasons, both motions are granted [38] [43]. This case is terminated.

### Background[1]

Plaintiff Mehmet Guzeldere owns several auto repair shops and bought an insurance policy for the properties from Travelers through his insurance agent, Yusuf Ozkaymak, of Trojan Insurance Agency. Travelers' LR 56.1(a)(3) Stmt. ¶¶ 1, 7, 10. The policy at issue, Policy No. I-680-8416P163-TIA-11, covered Payless Discount Muffler & Brakes, Inc., located at 2219 South

---

[1] Unless noted otherwise, these facts are undisputed and viewed in the light most favorable to the party opposing summary judgment. *See Baptist v. Ford Motor Co.*, 827 F.3d 599, 599 (7th Cir. 2016).

Western Avenue in Chicago, Illinois (the "Payless Property").[2] It was originally issued by Travelers for a one-year term effective March 26, 2010, and was renewed on March 26, 2011, for an additional one-year term. *Id.* ¶ 5.

The Policy requires the insured to "give[] prompt notice of the loss or damage." Business Owners' Property Coverage Policy, § E.3.a(2). The Policy also contains a limitation that requires the insurer to file suit under the Policy within two years of the loss:

> **4. Legal Action Against Us**
>
> No one may bring a legal action against us under this Coverage Form unless:
>
> a. There has been full compliance with all of the terms of this Coverage Form; and
>
> b. The action is brought within 2 years after the date on which the direct physical loss or damage occurred.
>
> The 2 year period for legal action against us is extended by the number of days between the date the proof of loss is filed with us and the date we deny the claim in whole or in part.

Travelers' LR 56.1(a)(3) Stmt. ¶ 34.

When an agent binds coverage for one of its clients, Travelers' normal practice and procedure is to print complete copies of the insurance policy and mail it to the agent. Travelers' LR 56.1(a)(3) Stmt. ¶ 16. Ozkaymak would usually receive the copies in the mail, and he would deliver one copy to the client and keep the other copy in his files at Trojan. *Id.* ¶ 17. Although Ozkaymak states that he delivered a copy of the Policy to Guzeldere when it was originally issued and then amendments thereto when the policy was renewed, Guzeldere does not recall ever seeing one. Pl.'s LR 56.1(b)(3)(B) Stmt. (Travelers) ¶¶ 19–20. Guzeldere had instructed Ozkaymak to "hold all the papers" related to his insurance because Guzeldere was not good at

---

[2] Although the Policy covered all of Guzeldere's properties, the only property at issue in this case is Payless Property. *Id.* ¶¶ 2, 7, 10.

keeping track of things. *Id.* ¶ 12. It is undisputed that Ozkaymak could retrieve and print a copy of the Policy from the Travelers' website. Travelers' LR 56.1(a)(3) Stmt. ¶¶ 18, 24, 25.[3]

In May 2011, there was a fire at one of Guzeldere's other properties. *Id.* ¶ 21. After the fire, Guzeldere asked Ozkaymak to handle the claim with Travelers. Pl.'s LR 56.1(b)(3)(B) Stmt. (Travelers) ¶ 22; Travelers' Ex. 1, Guzeldere Dep. at 28:17–23.

According to Plaintiffs, on June 30, 2011, the Payless Property was damaged by a hailstorm. Travelers' LR 56.1(a)(3) Stmt. ¶ 4. Guzeldere states that he became aware of the damage that day. *Id.* ¶ 26. Plaintiffs notified Travelers of the loss over two years later, on December 6, 2013. *Id.* ¶ 27.[4]

Among the inspectors hired by Travelers to determine whether the roof of the Payless Property had sustained hail or wind damage was Defendant RCL, an engineering firm. RCL's LR 56.1(a)(3) ¶ 16; Pl.'s LR 56.1(b)(3)(C) Stmt. (RCL) ¶¶ 1–2. RCL inspected the roof and concluded there was no evidence of hail or wind damage. RCL's LR 56.1(a)(3) ¶¶ 17–18. Plaintiffs hired their own engineer, who disagreed with RCL's conclusions. *Id.* ¶ 21; Pl.'s LR 56.1(b)(3)(C) Stmt. (RCL) ¶ 3.

On December 11, 2015, Plaintiffs filed this lawsuit in the Circuit Court of Cook County, Illinois. Pl.'s LR 56.1(b)(3)(B) Stmt. (Travelers) ¶ 33. Travelers removed the action to this Court based on diversity jurisdiction. *Id.*

---

[3] Although Plaintiffs attempt to dispute these facts by asserting that, upon renewal, Travelers would send only the amendments to the policy, citing Travelers' Ex. B, Ozkaymak Dep. at 32:23–33:2, 33:3–7; Travelers' Ex. C, Kupec Aff. ¶¶ 4, 6, these exhibits do not refute that the Policy was otherwise available via Travelers' website, see Travelers' LR 56.1(a)(3) Stmt. ¶ 24.

[4] Travelers never told Plaintiffs that it would not enforce the suit-limitation provision. *Id.* ¶ 36. Nor did it ever communicate to Plaintiffs that it would extend the time for filing a lawsuit under the Policy. *Id.* ¶ 37.

## Analysis

Under Federal Rule of Civil Procedure 56, summary judgment is proper if the movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A genuine dispute to a material fact exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Dawson v. Brown*, 803 F.3d 829, 833 (7th Cir. 2015) (internal quotation marks and citation omitted). The court views "the factual record and draw[s] all inferences in the light most favorable to the nonmoving party." *Allin v. City of Springfield*, 845 F.3d 858, 861 (7th Cir. 2017).

### I. Travelers' Motion for Summary Judgment

It is undisputed that the loss occurred on June 30, 2011, and that Plaintiffs filed this lawsuit over two years later on December 11, 2015. *Id.* ¶¶ 6, 33. Travelers contends that Plaintiffs' insurance coverage claim is barred by the two-year suit-limitation provision contained in the Policy.

"Illinois law recognizes limitation periods as valid contractual provisions in an insurance contract." *Am. Access Cas. Co. v. Tutson*, 948 N.E.2d 309, 312 (Ill. App. Ct. 2011). "Compliance with the suit limitation provision of the policy is a condition precedent to recovery under a policy." *Cramer v. Ins. Exch. Agency*, 675 N.E.2d 897, 905 (Ill. 1996). Nonetheless, there are restrictions on suit-limitation provisions, such as waiver and estoppel, as well as those imposed by the Illinois Insurance Code. *Great Lakes Reinsurance (UK) v. 1600 W. Venture, LLC*, 261 F. Supp. 3d 860, 863 (N.D. Ill. 2017).

Plaintiffs assert they should not be precluded from asserting their claim because the doctrines of waiver and estoppel apply.

## A. Waiver

In Illinois, waiver is a "voluntary and intentional relinquishment of a known right." *PPM Fin., Inc. v. Norandal USA, Inc.*, 392 F.3d 889, 895 (7th Cir. 2004). "A waiver may be express or implied, arising from acts, words, conduct, or knowledge of the insurer. It is unilateral, as no act of the insured is necessary to complete it." *W. Cas. & Sur. Co. v. Brochu*, 475 N.E.2d 872, 878 (Ill. 1985) (citations omitted). "[W]here waiver is implied from conduct, the act . . . must be clear, unequivocal, and decisive." *Nat'l Tea Co. v. Commerce & Indus. Ins. Co.*, 456 N.E.2d 206, 213 (Ill. App. Ct. 1983).

Plaintiffs contend that Travelers has waived its right to enforce the suit-limitation provision because Travelers never provided Guzeldere with a copy of the Policy. In support, Plaintiffs cite to *Miller v. Safeco Ins., Co. of Am.*, 683 F.3d 805 (7th Cir. 2012). In *Miller*, where the insurer did not provide the insured a copy of the policy, the Seventh Circuit appellate court applied waiver, explaining that, under Wisconsin law, "[i]f an insurer does not provide the insured with a copy of the policy or some other documentation of its terms, the insurer may not deny coverage based on an exclusion in the policy." *Id.* at 811.

*Miller* is inapposite because Illinois law governs this case.[5] And Illinois stands in stark contrast to Wisconsin law in this regard. *See Great Lakes Reinsurance*, 261 F. Supp. 3d at 863 (distinguishing Wisconsin law with regard to waiver of insurance contract provisions). Under Illinois law, "[i]t is well settled that plaintiffs bear the burden of knowing the contents of their insurance policies." *Babiarz v. Stearns*, 57 N.E.3d 639, 653 (Ill. App. Ct. 2016) (citing *Furtak v. Moffett*, 671 N.E.2d 827, 829 (Ill. App. Ct. 1996)); *Connelly v. Robert J. Riordan, & Co.*, 617 N.E.2d 76, 79 (Ill. App. Ct. 1993). "Even if they do not read the policy, they are deemed to

---

[5] *See Lapham–Hickey Steel Corp. v. Protection Mut. Ins. Co.*, 655 N.E.2d 842, 845 (Ill. 1995) (stating that an insurance policy is generally governed by, among other things, the location of the subject matter and the place bearing a rational relationship to the insurance contract).

know the information the policy contains." *Babiarz*, 57 N.E.3d at 653. "The insured cannot blame the insurance company for its failure to read the policy to discover the requirements for bringing suit. It is not the duty of the insurer to inform the insured of his duties." *Foamcraft, Inc. v. First State Ins. Co.*, 606 N.E.2d 537, 539 (Ill. App. Ct. 1992). This rule is "especially true if the policy was available and the insured was not prevented from reading it." *Nat'l Prod. Workers Union Ins. Tr. v. Cigna Corp.*, 665 F.3d 897, 904 (7th Cir. 2011) (quoting *Maxton v. Garegnani*, 627 N.E.2d 723, 728 (Ill. App. Ct. 1994)).

It is undisputed that Plaintiffs could have requested a complete copy of the Policy at any time from Ozkaymak, who could have obtained it from Travelers' website. *See* Travelers' LR 56.1(a)(3) Stmt. ¶¶ 18, 24, 25. Thus, the Policy was available to Plaintiffs both *before* and *after* the alleged loss. Given this record, Plaintiffs have presented no facts showing that Travelers did anything to waive the suit-limitation provision. *See Great Lakes*, 261 F. Supp. 3d at 863–64 (granting defendant's summary judgment motion where plaintiff made waiver argument, because there was no evidence that the insured requested a copy of the policy or that the insurer refused the request). Because no rational jury could conclude from these facts that Travelers' conduct established a clear, unequivocal, and decisive relinquishment of its right to enforce the two-year suit-limitation provision, Plaintiffs cannot rely upon the doctrine of waiver.

### B. Equitable Estoppel

Under Illinois law, an insurer may be equitably estopped from enforcing a provision in a policy where an insurer "lulls an opponent into a 'false sense of security' that a claim may be settled without resort to litigation." *Koclanakis v. Merrimack Mut. Fire Ins. Co.*, 899 F.2d 673, 676 (7th Cir. 1990) (citing *Beynon Bldg. Corp. v. Nat'l Guardian Life Ins. Co*., 455 N.E.2d 246, 252 (1983)). "[I]t is not necessary that the insurer intentionally mislead or deceive the insured,

6

or even intend by its conduct to induce delay; rather, all that is necessary is that the insured reasonably relies on the insurer's conduct in foregoing filing a suit." *Burress–Taylor v. Am. Sec. Ins. Co.*, 980 N.E.2d 679, 687 (Ill. App. Ct. 2012). "Cases in which an insurer's conduct is found to amount to estoppel typically involve a concession of liability by the insurer, advance payments by the insurer to the plaintiff in contemplation of eventual settlement, and statements by the insurer which encourage the plaintiff to delay filing his action." *Foamcraft*, 606 N.E.2d at 540.

Echoing their argument as to waiver, Plaintiffs argue that Travelers should be equitably estopped from enforcing the suit-limitation provision because Travelers never provided Guzeldere with a copy of the Policy once it was renewed. In support, Plaintiffs rely principally on *Salloum Foods & Liquor, Inc. v. Parliament Ins. Co.*, 388 N.E.2d 23 (Ill. App. Ct. 1979).

In *Salloum Foods*, the plaintiff's store was robbed, and he promptly notified the insurer of the loss. *Id.* at 24. Settlement negotiations ensued with the claims adjuster, but before they could conclude, the store was sold, and the policy was cancelled. The only copy of the policy was sent back to the insurer. *Id.* at 24–25. Settlement negotiations continued, but then stalled. *Id.* at 25.

On the eve of the suit-limitation deadline, the plaintiff sent a letter to the insurer requesting a copy of the applicable policy, but the insurer gave the plaintiff the runaround, stating that it did not have a copy of the policy and directed the plaintiff to contact the claims adjuster to obtain it. *Id.* at 26. The plaintiff then sent a letter to the claims adjuster, who ignored the request. *Id.* at 26–27. The plaintiff sued the insurer about a month after the suit-limitation deadline. *Id.* at 24. Because the plaintiff's request for the policy had been refused by the insurer,

7

the court held that the insurer was equitably estopped from enforcing the suit-limitation provision. *Id.* at 31.

The facts in this case are materially distinguishable from those in *Salloum Foods*. Here, Guzeldere did not promptly notify Travelers of the loss but, rather, waited until almost two-and-a-half years after the loss date. Pl.'s LR 56.1(b)(3)(B) Stmt. (Travelers) ¶¶ 6, 27. Nor did Travelers engage in any conduct—such as participating in settlement discussions—that would lead Plaintiffs to believe that they had more time. Finally, nothing in the record indicates that Guzeldere requested a copy of the Policy from Travelers at any time or that Travelers or Ozkaymak refused such a request. Instead, it is undisputed that Guzeldere instructed Ozkaymak to "hold all the papers" related to his insurance and that he could have obtained a copy of the Policy by asking Ozkaymak to print a copy from Travelers' website. *Id.* ¶¶ 12, 18, 24, 25.

What is more, it is undisputed that Travelers never told Plaintiffs that it would not enforce the suit-limitation provision. *Id.* ¶ 36. It is also undisputed that Travelers never communicated to Plaintiffs in any way that it would extend the time for filing a lawsuit under the Policy. *Id.* ¶ 37. Plaintiffs simply have not pointed to any conduct on the part of Travelers that creates a triable issue of fact as to equitable estoppel, such as a concession of liability, a payment in contemplation of settlement, or statement that would have induced delay in filing suit.

The obvious reason for the lack of such evidence is that Plaintiffs did not even notify Travelers of the loss until December 6, 2013, or five months and six days *after* the deadline for filing a lawsuit based on the denial of the insurance claim. Travelers' LR 56.1(a)(3) Stmt. ¶¶ 6, 27, 34. Plaintiffs' lawsuit was time-barred before they notified Travelers of the loss. Accordingly, no rational jury could conclude that Travelers is equitably estopped from enforcing the suit-limitation period in the Policy.

8

For these reasons, the Court concludes that Plaintiffs have failed to create a genuine issue of material fact as to the doctrines of waiver and equitable estoppel, and their lawsuit against Travelers is barred by the two-year limitation period set forth in the Policy. Accordingly, the Court grants Travelers' motion for summary judgment.

**II.     RCL's Motion for Summary Judgment**

Plaintiffs claim that, after they notified Travelers of the loss, RCL acted in a negligent manner when it inspected the room of the Property and determined that there was no hail damage. Compl. ¶ 36. In Illinois, to prove negligence, a plaintiff must "show that the defendant owed her a duty, that the defendant breached that duty, and that the breach was the proximate cause of her injuries." *Furry v. United States*, 712 F.3d 988, 992 (7th Cir. 2013).

Plaintiffs and RCL agree that the claim against RCL can proceed only if Plaintiffs are able to overcome Travelers' summary judgment motion, because only then would Plaintiffs be able to establish that RCL's actions proximately caused them injury. *See* Pl.'s Mem. Opp'n RCL's Mot. Summ. J. 7–8. Because Plaintiffs were not able to do so, they have failed to create a triable issue as to proximate cause. The Court grants RCL's motion for summary judgment.

## Conclusion

For the above reasons, the Court grants The Travelers Indemnity Company's and Roofing Consultants Limited's motions for summary judgment [38][43]. Judgment will be entered in favor of Defendants The Travelers Indemnity Company and Roofing Consultants Limited. This case is terminated.

**SO ORDERED**                                                   **ENTERED   3/26/18**

_____
**John Z. Lee**
**United States District Judge**